UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARK ALBERT PRATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:06-cv-1505-RLY-TAB |
| vs. | ) | |
| | ) | |
| ROBERT BROTHERS, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | Bk.Ct.   05-18314-FJO-13 |
| | ) | |
| IN RE: MARK ALBERT PRATT, | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

**ENTRY ON APPEAL OF BANKRUPTCY COURT ORDER**

Debtor, Mark Pratt, filed his personal bankruptcy petition under Chapter 13 on September 9, 2005.  Pratt was an officer, director and shareholder of Hometown Finance, Inc. and Hometown Investment, Inc. (collectively "Hometown Companies"), both of which filed for Chapter 7 liquidation several years earlier.  As a part of the compromise reached in connection with those corporate petitions, Pratt agreed to take out a second mortgage on his home and file for personal bankruptcy.  The Defendants/Cross-Appellants here ("Hometown Creditors"), are parties who purchased investment notes or certificates from the Hometown Companies and creditors in the earlier corporate bankruptcies.

On October 31, 2005, the Hometown Creditors filed a motion to dismiss Pratt's Chapter 13 petition on two grounds. First, they asserted that Pratt's secured and unsecured debts exceeded the statutory limitations contained in 11 U.S.C. § 109(e). In addition, the Hometown Creditors argued that, in bad faith, Pratt had mischaracterized the amounts and nature of his debts in his petition and supporting documentation. The Chapter 13 Trustee filed a motion to dismiss ten days later. He also claimed that Pratt's secured and unsecured debts were in excess of the statutory limitations. On August 16, 2006, the bankruptcy court entered an order granting the Trustee's motion to dismiss and also ruled that the grant of that motion rendered the Hometown Creditors' motion to dismiss moot. In its order, the court stated that it recognized that the Hometown Creditors' motion raised the issue of bad faith, but indicated that it found it unnecessary to address that issue.

In September, Pratt filed this appeal of that August 16, 2006, order and the Hometown Creditors filed a cross-appeal. Pratt later decided to drop his appeal, but Hometown Creditors has continued to pursue its appeal, arguing that it was error for the bankruptcy court not to address the issue of bad faith raised in connection with their motion to dismiss.

**Discussion**

The Hometown Creditors have set out various contradictions between the signed schedules in the personal bankruptcies and the representations Pratt made in connection

with the bankruptcy estates of the Hometown Companies.  They also point out contradictions between the clear language of promissory notes and finance arrangements and the characterization of the same by Pratt in connection with his bankruptcy.  In short, the Hometown Creditors offer evidence of mischaracterization which at best leaves Pratt and his legal advisors in the position of being extraordinarily creative and aggressive in the positions taken with respect to his petition, or at worse the purveyors of a deceitful effort to hoodwink the bankruptcy court into allowing him to discharge certain debts which would otherwise be nondischargeable.  There seems little doubt that Pratt engaged in an effort to bring his personal bankruptcy under the more protective umbrella of Chapter 13.  Whether or not that effort was made in bad faith remains an unanswered question.

The Hometown Creditors argue that the bankruptcy court erred by not making a determination with respect to bad faith which has left them unable to pursue sanctions based on such a claim.  They claim that as a result of the petition being filed in bad faith they were forced to take a deposition and engage in otherwise wholly unnecessary discovery and investigative efforts to show the true status of Pratt's secured and unsecured debts.  According to the Hometown Creditors, a bankruptcy court has the inherent power to sanction litigants for bad faith conduct and a finding that Pratt acted in bad faith would entitle them to such sanctions.

The court is at a loss to find any merit in Pratt's effort to defend the cross-appeal. He argues that the Hometown Creditors failed to follow the bankruptcy rule that must be invoked in order to recover sanctions, Bankruptcy Rule 9011.  Bankruptcy Rule 9011 is much like Fed. R. Civ. P. 11, insofar as it provides the court with the authority to award sanctions for the filing of pleadings which are unsupported by the law or a reasoned argument for change, set forth facts or denials that have no evidentiary support or are submitted for improper purposes such as delay or cost escalation.  Under both rules, sanctions may be awarded of the court's own initiative or at the behest of a party filing a motion seeking such a determination.  Like Fed. R. Civ. P. 11, Bankruptcy Rule 9011 contains what has been referred to as a safe harbor provision which requires a party moving for sanctions to serve the motion upon the party complained of before filing it in order to give the offending party an opportunity to withdraw the filing said to be in violation of the rule and thereby avoid possible sanctions.  Pratt asserts that the failure of the Hometown Creditors to serve their motion 21 days prior to filing it leaves the request for sanctions as a nonstarter.   However, the big difference between Bankruptcy Rule 9011 and its counterpart in the Federal Rules of Civil Procedure is that under Rule 9011(a)(1)(A) an exception to the safe harbor provisions is specifically carved out for bankruptcy petitions filed in violation of the rule.  In other words, the choice to file a petition in bad faith does not carry with it the availability of revocation without penalty upon receipt of notice that the opposing party is "calling you out."

In his response brief, Pratt quotes from Bankruptcy Rule 9011(a)(1)(A), setting forth the requirement that a motion for sanctions be served ahead of filing, but amazingly ends the quotation with ellipses at the exact point in the rule where the exception is carved out for bankruptcy petitions and then asserts that Hometown Creditors has failed to follow the rule. The less than complete quotation seems almost too blatant to be an attempt to deceive. In any event, the Hometown Creditors were under no obligation to "serve before filing" any request for sanctions where the submission alleged to have been filed in bad faith was the bankruptcy petition itself. And, in fact, the Hometown Creditors did not seek to invoke Rule 9011 in connection with their motion to dismiss, which, as it turns out, is a circumstance which cuts both ways.

What the Hometown Creditors filed in October of 2005 was a motion to dismiss and not a motion for sanctions. And, nowhere in the motion or supporting briefs do they ask that sanctions under Bankruptcy Rule 9011 be handed down against Pratt. The closest they come to that is in the last sentence of their Reply Brief (Bankruptcy Document # 66), where they state that "Relief should be granted to the Hometown Creditors to compensate them for their fees and expenses incurred in working to unravel the web shrouding Debtor's true financial affairs, and Debtor's Chapter 13 petition and all other bankruptcy relief should be denied him." The motion itself (Bankruptcy Document # 24) simply asked the bankruptcy court to dismiss Pratt's Chapter 13 petition and then added the ever present tag line "and for all other appropriate relief." This court does not believe that an

"all appropriate relief" prayer to the motion and a mention of the need for additional relief in the last sentence of the conclusion of a reply brief are enough to put the bankruptcy court on notice that a specific request for sanctions and/or fees needs to be addressed.  The bankruptcy court recognized that bad faith was being alleged, but had no real notice that it was expected to decide that issue so as to make a determination of whether or not sanctions of some sort were appropriate.  There was no mention of Rule 9011 by the Hometown Creditors or specific request for sanctions.  In ruling on the contemporaneous motion to dismiss filed by the Trustee, the bankruptcy court provided the only relief specifically sought in the Hometown Creditors' motion and therefore rendered it moot.  Accordingly, the bankruptcy court did not err.

On the other hand, this court does not intend to foreclose upon whatever remaining rights the Hometown Creditors may have to pursue appropriate sanctions.  This court has not had the benefit of the hearings held before the bankruptcy court and has not read all of the related bankruptcy court submissions, but has been presented with enough evidence to determine that the Hometown Creditors' effort to obtain some form of sanction against Pratt or his attorneys is not frivolous.  However, for the reasons discussed above, its pursuit of the same through an appeal of the bankruptcy court's ruling that its earlier motion to dismiss was moot, must prove unsuccessful.  If other avenues remain to be pursued, the Hometown Creditors are certainly free to do so.

Accordingly, this court **AFFIRMS** the August 16, 2006, order of the bankruptcy court, which is the subject of the Cross-Appeal of Hometown Creditors, and **remands** this case to the bankruptcy court for any further proceedings which may be necessary.

ALL OF WHICH IS ORDERED this 24th day of January 2007.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

David J. Bodle
HACKMAN HULETT & CRACRAFT LLP
dbodle@hhclaw.com

Bruce D. Brattain
BRATTAIN & MINNIX
batmi5@aol.com

Marion Gibson Miller
mollym@bobbrothersch13.com

Copies to:

Joseph M. Hendel
HACKMAN HULETT & CRACRAFT LLP
111 Monument Circle
Suite 3500
Indianapolis, IN 46204-2030

Joseph M. Hendle
HACKMAN HULLETT & CRACRAFT
One Indiana Square
#2400
Indianapolis, IN 46204